[No. 1987.    Decided March 13, 1896.]

THURSTON COUNTY, *Respondent*, v. THE SISTERS OF CHARITY OF THE HOUSE OF PROVIDENCE, *Appellant*.

#### TAXATION — EXEMPTIONS — HOSPITALS.

Statutes exempting persons or property from taxation are to be strictly construed; and exemptions are not to be extended by judicial construction to property other than that expressly designated by law.

The word " hospitals " in Gen. Stat., § 1022, exempting hospitals from taxation, means only the buildings used and occupied as such and not the ground attached thereto and necessary for the proper occupancy thereof, especially in view of the fact that, as to state and county institutions exempted therein, both buildings and the grounds attached are specially mentioned as subjects of exemption.

Appeal from Superior Court, Thurston County.— Hon. M J. GORDON, Judge.    Affirmed.

*Fitch & Campbell,* for appellant.

*Milo A. Root,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant, a corporation, is the owner of Block 85 in the city of Olympia, and the building known as St. Peter's Hospital, situated thereon and used as a hospital for the care of the sick. This hospital, it is conceded, is supported in part by char-

ity, and the evidence discloses that about one-third of the entire block of land is occupied by the hospital buildings, and that the remainder is devoted to the raising of vegetables for the exclusive use of the hospital.

In the year 1891 the entire property was assessed for the purposes of taxation, and a tax was duly levied thereon, for that year at the established rate. In 1894 this proceeding was instituted in the superior court of Thurston county to collect the tax so levied, the same being then unpaid and delinquent, by a foreclosure of the tax lien and sale of the property, or so much thereof as might be necessary to satisfy the tax, penalty and interest then due.

The defendant appeared by counsel and objected to the entry of judgment against said block for taxes, for the alleged reason that, during all the year 1891, said premises, and the whole thereof, were used exclusively as a hospital for the care of the sick, and were therefore exempt from taxation. The county admitted that upon the evidence adduced, the buildings were exempt, and that the tax thereon should be canceled. The cause having been submitted for its decision, the court ruled that the hospital buildings were exempt, but that the block of land was not, and thereupon gave judgment of foreclosure against said block for the amount of the tax levied thereon and for costs, and the defendant appealed.

It will thus be seen that the only question presented for determination on this appeal is whether the revenue law of 1891 exempted from taxation lands occupied by, or used in connection with hospitals for the care of the sick, supported in whole or in part by charity. This question cannot be answered in the affirmative unless the legislature has authorized such

exemption by clear and explicit language; for it is a well settled rule that statutes exempting persons or property from taxation are to be strictly construed, and that exemptions are not to be extended by judicial construction to property other than that which is expressly designated by law. 1 Desty, Taxation, p. 108; Cooley, Taxation, pp. 204 and 205.

The learned counsel for appellant concede the law to be as above stated, but they earnestly contend that the premises in question were exempt from taxation by the express provisions of § 1022 of the General Statutes, (1 Hill's Code,) which is the law under which this controversy must be determined. That section declares that "all property described in this section, to the extent herein limited, shall be exempt from taxation," and then proceeds specifically to describe eight different classes of property which shall be exempt. The first class embraces "all public schoolhouses, state colleges, state university and state normal schools, with the books and furniture therein, and the grounds attached to such buildings necessary for the proper occupancy." The fourth class consists of "all buildings belonging to counties, used for holding courts, for jails, for county offices or county hospitals, with the ground on which such buildings are erected," and the seventh includes, "all free public libraries, hospitals for the care of the sick, whether supported in whole or in part by charity, orphanage and orphan asylums, institutions for the reformation of fallen women, and homes for the aged and infirm."

Appellant claims that this seventh subdivision of the section absolutely exempts not only the hospital buildings, but the entire block of land used in connection therewith, for the alleged reason that all of the land so used is necessarily a part of the institu-

tion mentioned in the statute as a hospital; and it is
argued that the legislature could not have intended
that only the buildings should be exempt because such
a construction of the statute would be unreasonable
and should not, therefore, be adopted.

But we are not now concerned as to the reasonable-
ness or unreasonableness of the statute.  Our duty is
to ascertain just what meaning its words convey, for
the legislative intention must be determined from the
language employed, and not by mere implication.  No
intendments can be indulged in favor of exemptions.
Nor can an exemption "be taken to have been in-
tended when the language of the statute on which it
depends is doubtful or uncertain."  Cooley, Taxation,
*supra.*

The legislature had a perfect right, under § 2 of art.
7 of the constitution, to exempt either buildings used
as hospitals alone, or such buildings and the land
occupied thereby, or attached thereto, and if the word
"hospitals," as used in the statute, does not necessarily
include land, then we cannot say that it was intended
that land should be so included; and we think the in-
ference is very strong that when the legislature said
"hospitals" they meant only buildings occupied and
used as such.

We have seen that, as to state institutions, both
buildings and the grounds attached thereto and neces-
sary for the proper occupancy thereof, are specified,
or "described," in clear and explicit language by subd.
1 of this same section, and county hospitals, with the
grounds on which they are erected, are also designated
by subd. 4 in terms equally explicit.  But no such
provision having been made with respect to hos-
pitals like the one under consideration, the courts
cannot say, in view of the express limitation contained

in the first sentence of the section, that it was nevertheless intended to be made, or was made, because the word "hospitals" was used. If the legislature had been less careful to distinguish between buildings and land in other subdivisions of the section there would be much force in the argument of appellant, and the doctrine of some of the cases cited might well be applied. But, guided as we must be, by our own peculiar statute, we are led to the conclusion that the judgment of the superior court was right, and it must therefore be affirmed.

HOYT, C. J., and SCOTT and DUNBAR JJ., concur.

GORDON, J., took no part.