[No. 7306. *En Banc.* April 4, 1910.]

## WILL A. CHILDS, *Appellant*, v. MINNIE GOOD SMITH *et al.*, *Respondents.*[1]

TAXATION—RIGHTS OF MORTGAGEE—REMEDIES—LIMITATIONS—EQUITABLE LIEN. Rem. & Bal. Code, § 9234, prescribing a remedy for the collection of taxes paid by a mortgagee for the purpose of protecting his lien was not intended as an exclusive remedy; and his equitable right of subrogation does not expire with the lien of his mortgage, the statute providing that the lien for taxes shall continue until the taxes are paid.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered November 12, 1907, in favor of the defendants, upon an agreed statement of facts, dismissing an action for the foreclosure of a mortgage. Reversed.

*John L. Wiley*, for appellant.

*Merritt, Oswald & Merritt*, for respondents.

## ON REHEARING.

MOUNT, J.—The original opinion in this case may be found in 51 Wash. 457, 99 Pac. 304, where the facts are stated. After that opinion was filed, the respondents' petition for a rehearing was granted, and the case was again heard by the court *en banc*.

It is insisted by the respondents that, inasmuch as the statute, at § 9234, Rem. & Bal. Code, prescribes a remedy for the collection of taxes paid by a mortgagee upon lands, such remedy is exclusive, and the lien for taxes fails with the lien

[1]Reported in 107 Pac. 1053.

of the mortgage. This statute was not intended to fix an exclusive remedy in such cases. It merely declared a rule which was commonly recognized by courts of equity and expressed in mortgages, by which the lienor might protect his lien by the payment of taxes which became a prior lien, and upon foreclosure of the mortgage include therein the payment of such taxes at the same rate of interest as specified in the mortgage. We think the legislature did not intend by this statute to make this remedy exclusive, or to limit the lien for taxes paid in such cases to the time when the lien of the mortgage ceases. There are, no doubt, authorities to the effect that, where a mortgagee pays taxes to protect his lien, his right to collect such payments expires with his mortgage lien. But this court has adopted the rule that the lien for taxes continues until the taxes are paid; (Rem. & Bal. Code, § 9235; *Port Townsend v. Eisenbeis*, 28 Wash. 533, 68 Pac. 1045; *Denman v. Steinbach*, 29 Wash. 179, 69 Pac. 751), and where one in good faith in the belief that he has a valid lien pays taxes, he is entitled to be subrogated to the rights of the county to the extent of the taxes paid, with interest thereon at the legal rate. *Dunsmuir v. Port Angeles Gas, W., El. L. & P. Co.*, 30 Wash. 586, 71 Pac. 9. In *Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846, the repayment of such taxes was adjudged upon equitable grounds without regard to the statute. We there said, at page 535:

"It follows that, if appellant is entitled to relief on account of the taxes paid, it must be based upon equitable grounds, considered with reference to the relations of the parties to the subject-matter. It must be conceded that appellant paid the taxes in good faith, relying upon what he believed to be his lien as authority for it. It cannot be assumed that the payment was made as that of a mere volunteer, or that he only meddled with something in which he knew he had no interest. The evidence shows that the payment was made in the honest belief that appellant held a valid lien upon the land, and he was only seeking to prevent the paramount lien of the taxes from destroying the value

of what he believed to be his own lien against the lands."

and again, on page 538:

"Thus, it is the tendency of courts to see that those who have in good faith advanced the money to pay public taxes are protected. This is equitable and just. No one is injured thereby. The tax lien is paramount, and the payment of the taxes inures to the benefit of both the owner and lien holder. So in this case, the taxes paid by appellant inured to the benefit of respondent as mortgagee. It would be unconscionable that respondent should reap the benefit of such payment without making any compensation therefor."

In numerous cases since *Packwood v. Briggs* we have held that, where a party in good faith pays taxes in order to protect a lien claimed by him, the lien of such taxes is prior to other liens, and the party paying has been adjudged to recover the amount thereof whether he maintained his claim of lien or not. Several of such cases are cited in the original opinion. The case of *Fuhrman v. Power*, 43 Wash. 533, 86 Pac. 940, was an action to foreclose a mortgage. It was there held that the right to foreclose the mortgage was barred by the statute of limitations. But it was also held that the plaintiff had a lien for, and should recover, the taxes paid by him upon the property, from the date of the mortgage, which was about ten years.

It will thus be seen that this court, by these decisions, is bound to the equitable doctrine of subrogation in such cases. And this rule is just, for taxes are a lien until paid, and, if not paid by the lien claimant, must be paid to the state by the owner of the land, with interest at the rate of fifteen per cent per annum. Such liens are not like liens which may be barred by time, or where the statute may be tolled to the prejudice of the owner of the land. It is said that, under this rule, no man may safely rely upon the record title of real estate, because someone not the owner may have paid the taxes, and therefore have a lien upon the land without a record of such lien. No such question arises in this case, and, we apprehend, could not be successfully maintained in case of an inno-

cent purchaser for value. If the taxes had not been paid by the lien claimants in this case, the land would no doubt have been lost to respondents long ago by delinquent tax foreclosure.

The conclusion reached in the original opinion is a just one, and we are satisfied with the rules there stated.

RUDKIN, C. J., GOSE, CHADWICK, FULLERTON, and CROW, JJ., concur.

DUNBAR, J., took no part.