[No. 7956.    Department Two.    January 21, 1911.]

JAMES DALGARDNO, *Respondent*, v. JOHN TRUMBULL *et al.*,
*Appellants*.[1]

APPEAL — DECISION — LAW OF CASE — REMAND — QUESTIONS CON-
CLUDED. Where, upon appeal, the rights of the parties are determined
except as to the amount of taxes paid, and the cause is remanded for
the purpose of ascertaining the amount, the decision becomes the
law of the case, and on the remand no other question can be pre-
sented.

TAXATION—LIEN FOR TAXES PAID. When taxes are paid in good
faith to protect the property from seizure, and inure to the benefit of
the owner, a lien for repayment of the taxes is imposed on the
premises.

Appeal from a judgment of the superior court for Jefferson
county, Still, J., entered December 2, 1907, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to recover possession of
real property and to quiet title.    Affirmed.

*Trumbull & Trumbull*, for appellants.

*U. D. Gnagey*, for respondent.

MORRIS, J.—In June, 1904, respondent brought an action
against appellants, alleging the ownership of the south half
of lot 2, block 109, of the original townsite of Port Townsend,
and praying judgment, for the recovery of possession; for
the rental value while out of possession; to quiet his title as
against any claim, interest, or right of defendants; to enjoin
defendants from asserting any claim to the premises; and to
declare a lien for the taxes paid thereon.    A demurrer was
interposed to the complaint, which being sustained, respond-
ent refused to plead further, and judgment of dismissal was
entered against him, from which judgment he appealed to
this court.    On September 18, 1905, this court filed an opin-
ion in which the ruling of the court below in sustaining the

[1]Reported in 112 Pac. 928.

demurrer was affirmed. The court held, however, that plaintiff was entitled to a lien upon the premises for the amount of taxes paid thereon, and remanded the cause to the court below, with instructions to ascertain the amount of taxes paid and to declare the same a lien (*Dalgardno v. Barthrop*, 40 Wash. 191, 82 Pac. 285), an examination of which will convey a better understanding of the then opinion of this court and its reasons for the holding made and the judgment here entered. The judgment of this court being filed in the court below, respondent moved for judgment for the amount of taxes paid as shown by his complaint, and that the same be declared a lien, which was denied, and the appellants ordered to file an answer. This order was complied with by appellants Trumbull filing an answer raising an issue upon all the allegations of the complaint, to which answer respondent made reply. The cause coming on for trial, the court found, among other matters, the amount of taxes paid by respondent to be the sum of $301.80, and entered a decree adjudging such sum, with interest and costs, a lien upon the easterly forty one-hundredths of the south half of said lot 2; from which this appeal is taken.

In the trial below, many unnecessary issues were made and passed upon by the court in its findings, to a number of which appellants take exception. Upon the judgment of this court there was but one issue to be tried—the amount of taxes paid by respondent, which amount being found, it was the duty of the court below, as directed by this court, to decree a lien upon the premises. Appellants in their brief raise many questions concerning matters prior and subsequent to the first appeal, which they urge should be taken into consideration by us in determining the rights of the parties. We have no concern with any controversy between the parties, save only the one properly before us, and that is, the finding and decree made by the court below determining the amount of taxes paid and establishing the same as a lien. That was the plain mandate of this court in its judgment upon the first appeal, and was

the only matter proper to be inquired into, the first judgment of this court having become the law of the case and determined respondent's right to a decree in the amount of taxes paid. The only legal question that could in any event arise in connection with the mandate of this court upon the first appeal, which could be urged against such a decree, would be that it appears that respondent was not acting in good faith in paying these taxes, nor under a belief that he was the owner of the property and entitled to the possession thereof, and we do not so find; it being the established rule in this state and elsewhere that, when taxes are so paid in good faith, which protect the property from seizure and thus inure to the benefit of the real owner, a lien is imposed upon the premises. *Rothchild Bros. v. Rollinger*, 32 Wash. 307, 73 Pac. 367; *Ball v. Clothier*, 34 Wash. 299, 75 Pac. 1099; *Spokane v. Security Savings Society*, 46 Wash. 150, 89 Pac. 466; *Childs v. Smith*, 58 Wash. 148, 107 Pac. 1053.

Finding no error committed by the court below in obeying and following the mandate of this court as contained in the judgment and remittitur upon the first appeal, the judgment is affirmed.

Dunbar, C. J., and Crow, J., concur.

Rudkin, J. (concurring)—I concur solely on the ground that the question sought to be raised on this appeal is foreclosed by the opinion of the court on the former appeal.