[No. 10059.   Department One.   February 20, 1912.]

ANNA D. FOLEY, *Respondent*, v. OBERLIN CONGREGATIONAL
CHURCH OF STEILACOOM, *Appellant*.[1]

TAXATION—EXEMPTION—CHURCH PROPERTY—PARSONAGE—LOCATION
—STATUTES—CONSTRUCTION.  A parsonage and lot, some distance and
separated from the church lot, is not exempt from taxation, under
Rem. & Bal. Code, § 9098, exempting from taxation all churches sup-
ported by donation in which seats are free to all, and the grounds
on which such churches are built, not exceeding 120x200 feet in
quantity, "together with the parsonage thereon"; especially in view
of the rule of strict construction of such exemptions.

TAXATION—TAX LIENS—CERTIFICATES—FORECLOSURE — VALIDITY —
JURISDICTION—EXEMPT PROPERTY.  A tax certificate for the year 1905,
upon property which was exempt from taxation that year, is not
void so as to furnish no jurisdiction for foreclosure, where the
holder, as such, paid taxes for five subsequent years when the
property was not exempt, and sought foreclosure of the certificate
for the subsequent years, as valid liens;. since the certificate was
*prima facie* evidence that the property was subject to taxation in
1905, upon which the holder had a right to rely in paying subse-
quent taxes; the result of which was to transfer to her the county's
tax liens for the subsequent years.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered October 20, 1911, in favor of the
plaintiff, upon sustaining a demurrer to the answer, in an
action to foreclose a tax lien.   Reversed.

*J. W. A. Nichols* and *John A. Shackleford*, for appellant.

*J. L. McMurray, F. G. Remann*, and *A. B. Bell*, for re-
spondent.

PARKER, J.—This is an action to foreclose general tax
liens upon lots 3 and 4, in block 39, of Balch's Part of the
town of Steilacoom.   The plaintiff alleges, in substance, that
she is the holder of a certificate of delinquency against the
lots, issued on September 11, 1907, by the treasurer of
Pierce county, for the sum of $18.20, being the amount of

[1]Reported in 121 Pac. 65.

taxes then due and delinquent for the year 1905, including penalty and interest; and that she thereafter paid taxes upon the lots for the years 1906, 1907, 1908, 1909 and 1910, stating the amounts so paid, for all of which she prays foreclosure. The defendant filed its answer alleging, as an affirmative defense, the following:

"Comes now the Oberlin Congregational Church, and for its amended answer herein alleges:

"(1)    That the defendant is now and for more than twenty years has been a corporation duly organized, existing and acting as a religious body, under and by virtue of the laws of the state of Washington, maintaining its church building and church services at Steilacoom, Washington; that said church was built and has been at all times and is now supported and maintained by donations and its church seats at all times have been and now are free to all.

"(2)    That the property in this action sought to be subjected to the assessment levy and collection of taxes and to the lien of the tax certificate issued by Pierce county and now held by the plaintiff, is and during all the times herein mentioned has been the property of this defendant, and the property upon which is and during all said times has been located the parsonage of this defendant.

"(3)    That said property, together with lot 5, block 4, Balch's Part of Steilacoom, is all the property owned by defendant, and that each of said lots are of the dimensions of 60 by 120 feet and the total area of said three lots does not exceed 120 by 200 feet in quantity.

"(4)    That the church building of defendant is on lot 5, block 4, aforesaid, a separate tract, about one thousand feet from the said lots herein sought to be subjected to tax lien. And that all of said property is and at all times has been used wholly for church purposes and not otherwise.

"(5)    That for the first year for which taxes are charged against said lots, to wit, the year 1905, the church building of defendant was located upon said lots, as well as said parsonage, whereby taxes for said year are unlawfully charged against said lots."

The plaintiff filed a general demurrer to this answer, alleging as the only ground thereof, that the answer does not

state facts constituting a defense. The court sustained the demurrer, and the defendant electing to not plead further, judgment of foreclosure was rendered in favor of the plaintiff as prayed for. The defendant has appealed.

It is first contended by counsel for appellant that the facts stated in its answer show that the lots are exempt from taxation during all the years for which foreclosure is sought, under § 9098, Rem. & Bal. Code, which provides among other things as follows:

"All property described in this section, to the extent herein limited, shall be exempt from taxation, that is to say:

"First. . . . all churches built and supported by donations whose seats are free to all, and the grounds whereon such churches are built, not exceeding one hundred and twenty feet by two hundred feet in quantity, together with the parsonage thereon: Provided, that such grounds are used wholly for church purposes and not otherwise."

This contention involves the single question, Does the fact that the lots here involved, on which the parsonage is situated, being entirely separated from the lot on which the church is situated, prevent the parsonage lots from being exempt from taxation as the church lot is exempt? It seems to us that a careful reading of this exemption statute can lead only to the conclusion that the parsonage must be situated upon the same lot or tract of land as the church, in order to escape taxation. It will be noticed that it is "the grounds whereon such churches are built" that are exempt, and it is "the parsonage thereon" that is exempt. No land is exempt save that on which the church is built. Surely a lot a thousand feet from the church cannot be said to form any part of the grounds on which the church is built. Such different lots or tracts could by no possibility touch each other, and hence a building on one could in no sense be said to be on both. It is plain that the ground on which a parsonage may be situated is not exempt because of the presence of the parsonage there, but because it is a part of the grounds on which the church is built. It is evident that the parsonage

is mentioned in the statute to secure the exemption of the parsonage building, when situated on the church grounds, rather than to secure the exemption of the ground on which the parsonage is situated; since by the terms of the statute such grounds are exempt whether any parsonage is situated thereon or not.    The case of *Thurston County v. Sisters of Charity*, 14 Wash. 264, 44 Pac. 252, is in harmony with this view.    That case is also in point here as showing the adherence by this court to the rule of strict construction of statutes exempting property from taxation.    At page 266, the court said:

"It is a well-settled rule that statutes exempting persons or property from taxation are to be strictly construed, and that exemptions are not to be extended by judicial construction to property other than that which is expressly designated by law."

See, also, 1 Desty, Taxation, p. 108; 1 Cooley, Taxation (3d ed.), p. 357; *Bloomington Cemetery Ass'n v. People ex rel. Baldridge*, 170 Ill. 377, 48 N. E. 905; *County of Ramsey v. Church of the Good Shepherd*, 45 Minn. 229, 47 N. W. 783, 11 L. R. A. 175.    We conclude that the lots here involved were not exempt from taxation after the church was removed therefrom.

It is next contended that, in any event, the answer shows that the lots were exempt from taxation for the year 1905 when the church was situated thereon; and that since the certificate of delinquency was issued only for the taxes for that year, it was void and furnishes no support for the foreclosure of taxes paid for subsequent years.    We cannot agree with this contention.    It seems a plain inference from the allegations made by respondent, that she paid the taxes for the years subsequent to those for 1905, as the holder of this tax certificate.    The answer does not question the validity of these subsequent years' taxes, except upon the ground of exemption, which we have seen is untenable.    So it is plain that all of the taxes for these subsequent years are valid liens upon

the lots, which of course can be foreclosed by the owner of such liens. Has the county transferred these liens to respondent by the issuance of this certificate of delinquency to her, and thereafter receiving from her these subsequent taxes as the holder of such certificate? It seems to us this inquiry must be answered in the affirmative. When this certificate was issued to respondent, it carried with it *prima facie* evidence that the property therein described was subject to taxation at the time it was assessed, by the express terms of § 9253, Rem. & Bal. Code. Respondent had a right to rely upon this presumption and to pay subsequent taxes as the holder of the certificate, with a view of foreclosing such taxes with the taxes of 1905 evidenced by the certificate. We think this certificate, and the subsequent payment of taxes by respondent as holder thereof, resulted in the tax liens all being transferred to her, even though the particular taxes of 1905 for which the certificate was issued are eventually proved to be invalid by reason of the lots being then exempt from taxation. This court has held that, when one in good faith pays taxes to protect what he believes to be a valid lien held by him upon land, he may enforce the lien of the taxes so paid, even though his supposed original lien proves to be of no avail to him. *Spokane v. Security Sav. Society*, 46 Wash. 150, 89 Pac. 466; *Childs v. Smith*, 51 Wash. 457, 99 Pac. 304, 130 Am. St. 1107; *Childs v. Smith*, 58 Wash. 148, 107 Pac. 1053.

It is true that in these cases the subsequent acquired tax liens were not sought to be enforced in statutory general tax foreclosure proceedings; but we are not able to see any substantial reason for denying the right to foreclose such subsequently acquired tax liens in a tax foreclosure where the original lien fails, any more than in other foreclosures. In this proceeding, the subsequent taxes were paid upon the faith of the original lien, just as the taxes were paid in the cases cited; and the subsequently paid taxes were, of course,

subject to foreclosure in each instance, in the proceeding provided by law for the foreclosure of the original lien.   The failure of the original lien surely cannot affect the right to foreclose for subsequently paid taxes, in the action brought to foreclose the original lien, any differently in one case than in the other.   Our discussion has proceeded upon the assumption that the taxes of 1905 are invalid, if the allegation of the last paragraph of the answer is true, as to the church being then on the lots here involved.   No argument is necessary to demonstrate the correctness of this assumption.   A mere casual reading of the statute above quoted is sufficient for that purpose.

We conclude that the learned trial court erred in sustaining the general demurrer to the answer, since it stated, at least, a good defense to the foreclosure of the taxes for 1905, though it did not state a good defense to the foreclosure of the taxes paid by respondent for the subsequent years.   The judgment is reversed, with instructions to overrule the demurrer to the answer, and for such further proceedings as are not inconsistent with this opinion.

DUNBAR, C. J., CROW, CHADWICK, and GOSE, JJ., concur.