WIER et al. v. YATES. (No. 1007.)*

(Court of Civil Appeals of Texas. Beaumont. Nov. 22, 1923. Rehearing Denied Dec. 5, 1923.)

1. Judgment ⟨key⟩299(2)—Review on motion after term improper.

A court is without jurisdiction to review a judgment on formal motion after adjournment of the term at which it was entered; such a review being permissible only in an original proceeding for that purpose setting forth equitable grounds for relief.

2. Appeal and error ⟨key⟩672—Entry of judgment without jury after remand with directions held not fundamental error.

The trial court, after reversal of a case and the remanding thereof, with directions to render judgment for particular parties "for the amount of the note according to its face, tenor, effect, and reading, less credits, if any," does not commit fundamental error in entering judgment without a jury, though technically the issue as to the amount due was for the jury.

3. Judgment ⟨key⟩319—Verified motion for review held not to constitute allegation of fact.

A verified motion seeking a review of a judgment made after adjournment of the term at which the judgment was rendered, stating that the judgment debtors are "informed and believe, etc.," held not to constitute an allegation of fact.

4. Appeal and error ⟨key⟩1202—New issue may not be tried or old retried after reversal and remand, with directions to enter judgment.

After a reversal and remanding of a case with directions to enter judgment on a note, the court is without authority to permit new issues to be raised or to retry old issues.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Frederick W. Yates against Anna T. Wier and others. From a denial of defendants' motion to set aside an adverse judgment, they appeal. Affirmed.

E. M. Chester and Todd & Reeves, all of Beaumont, for appellants.

Orgain & Carroll, of Beaumont, for appellee.

WALKER, J. [1] As shown by the transcript, the term of the district court at which this case was tried convened on the 18th day of September, 1922, and adjourned on the 27th day of November following. This case was tried during term time, on the 24th day of November, 1922. Appellants' motion to set aside the judgment was filed out of term time, on the 29th day of November, 1922, and the judgment overruling their motion was entered on the same day. In this there was no error. The trial court had no jurisdiction to review its judgment on formal motion filed after the adjournment of the term of court at which it was entered. 13 Michie's Digest, 466, and authorities there cited. This could be done only in an original suit instituted for that purpose, setting forth equitable grounds sufficient to entitle the party to a rehearing. 15 Michie's Digest, 489.

Appellants, however, urge fundamental error. On a former appeal of this case, we

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 30, 1924.

reversed the judgment of the trial court, and remanded the case for a new trial, with instructions to the trial judge to "render judgment against the Wiers, in favor of appellee, on their warranty, for the amount of the note, according to its face, tenor, effect, and reading, less credits, if any, with foreclosure of a vendor's lien reserved in said notes and in the deed from Fletcher to Averill, and for judgment in favor of Mrs. Wier against E. M. Chester on his warranty." See Wier v. Yates, 237 S. W. 623. This case stood for trial on the jury docket. On the 10th of October, 1922, appellee filed the following motion in the trial court:

"Now comes the plaintiff in the above numbered and entitled cause, and shows to the court that the honorable Court of Civil Appeals on a final appeal of this case has entered final judgment, and that said judgment is to reverse the former judgment of this court, with instructions that judgment be entered in favor of the plaintiff as in said judgment provided.

"Wherefore, this plaintiff respectfully prays that this honorable court enter judgment in favor of the plaintiff as in said judgment of the Court of Civil Appeals provided, to wit: For the face of note of date the 30th day of November, A. D. 1910, together with interest thereon as provided therein, together with attorney's fees upon interest and principal as in said note provided."

The judgment in favor of appellee was entered on the 23d day of November, reciting as follows:

"On this the 23d day of November, A. D. 1922, came on to be heard plaintiff's motion to enter judgment herein in accordance with the mandate of the Court of Civil Appeals as issued on the 26th day of May, A. D. 1922, and it appearing that there is due upon said note after allowing all credits, principal and interest in the sum of $2,042.74, and it further appearing that said note provides for 10 per cent. attorney's fees, and the court having considered said motion, it is ordered, adjudged, and decreed that the plaintiff, Frederick W. Yates, do have and recover of and against the defendants, D. S. Wier and Anna T. Wier, etc."

[2, 3] The trial was had in the absence of appellants and their counsel, and before the court without a jury. This was not fundamental error. While, technically, the issue as to the amount due on the note was for a jury, yet no showing of injury is made. It does not appear that judgment was entered for more than was actually due on the note. In Caldwell County v. Harbert, 68 Tex. 327, 4 S. W. 612, Judge Stayton said:

"Though there was error in denying a jury, it did not operate to the injury of the defendant."

Nor does it appear that judgment was entered in favor of appellees on their motion. On the contrary, an examination of the motion and of the judgment shows that the court disposed of issues that could have been raised only by the pleadings, and which, in fact, were raised by the pleadings of the parties. On the showing made on this appeal, the only effect of the motion was to call the case to the court's attention and to demand a trial thereof. The only contention made by appellants against the judgment of the court on the issue of the amount due is that they are "informed and believe the interest on said note was paid up to November 30, 1914, while interest was calculated in the judgment from November 30, 1910." In presenting this motion, after adjournment of the court, no evidence was offered to sustain the allegation, and while the motion was sworn to, as made, it did not constitute an allegation of fact. Appellants make no statement showing for what period of time interest was calculated. Appellee makes the statement that the interest was, in fact, calculated only from the date named in the motion. On this showing, the court did not commit fundamental error in entering the judgment in favor of appellee.

[4] Again, the court did not commit fundamental error in entering judgment without giving appellants an opportunity to withdraw from certain agreements as to common source, and denying appellants the opportunity to present certain facts on the issue of title, which they set out in their motion. Under the mandate of this court, all issues were foreclosed, except the balance due on the note. The trial court was without authority to permit new issues to be injected into the case or to try any issue presented on the former appeal. Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684; Chafoin v. Rich, 92 Cal. 471, 28 Pac. 489; Dalgardno v. Trumbull, 61 Wash. 659, 112 Pac. 928. The correct rule is thus stated in Chafoin v. Rich, supra:

"Where the Supreme Court directs a particular judgment to be entered, the court below must not retry the cause, but must enter the judgment directed, and the entry of a different judgment is void."

The judgment of the trial court is in all things affirmed.

HIGHTOWER, C. J., not sitting.