[No. 20398.   Department One.   July 21, 1927.]

PATRICK McDONALD, *Appellant,* v. MARY McDONALD et al., *Respondents.*[1]

[1] SUBROGATION (4)—PROTECTION OF INTEREST IN PROPERTY. Plaintiff, compelled to pay in full a mortgage and taxes upon property, half of which was awarded to the defendant subject to the mortgage, is entitled to be subrogated to the right of the mortgagee to enforce a lien for half of the mortgage and taxes paid.

[2] LIMITATION OF ACTIONS (24) — SUBROGATION (11) — EQUITABLE ACTIONS. The right of action for subrogation, upon plaintiff's being compelled to pay a mortgage and taxes which were liens on property awarded to defendant subject to the lien, is not barred until at least three years after the time of the payment.

[3] PLEADING (197)—WAIVER OF DEFECTS IN COMPLAINT—FAILURE TO ALLEGE DEFENSE. A defect which does not appear on the face of the complaint cannot be raised by demurrer and is waived if not taken by answer.

[4] JUDGMENT (229)—CONCLUSIVENESS—BAR—MATTERS WHICH COULD NOT HAVE BEEN LITIGATED. The dismissal of an action to set aside a deed is not *res adjudicata* of an action for subrogation, brought by plaintiff upon being compelled to discharge a mortgage and taxes which were liens on property awarded to the defendant subject to the lien; especially where the prior action was commenced before the mortgage was paid or the subsequent action arose.

[1] Reported in 258 Pac. 10.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 14, 1925, upon findings in favor of the defendants, in an action to foreclose a lien for payment of a mortgage debt and taxes. Reversed.

*Joseph M. Glasgow,* for appellant.

FULLERTON, J.—The appellant Patrick McDonald and the respondent Mary McDonald were formerly husband and wife. They were divorced by a decree of the superior court of King county on April 16, 1916. The decree was affirmed by this court on May 14, 1917. At the time of the entry of the decree of divorce, the parties were the owners of certain real property, situated in King county, described as lots 6, 7, 8 and 9, of block 8 of Fern addition to the city of Seattle. In the decree of divorce, lots 6 and 7 of the property were awarded to the respondent, Mary McDonald, and lots 8 and 9 to the appellant. There was, however, a mortgage upon the property at the time in the sum of $500, for the payment of which the appellant was personally obligated, and the award to the respondent was made subject to the lien of one-half of this mortgage. The respondent did not pay any part of the mortgage, and the appellant, on October 26, 1920, was compelled to pay it in full, paying to the mortgagee for that purpose the sum of $717. The appellant, in order to protect the lien of the mortgage, was also compelled to pay the taxes levied upon the property awarded to the respondent subsequent to the entry of the decree of divorce; the sums so paid amounting, at the time of the trial, to $442.22.

The present action was instituted by the appellant in February, 1923. In his complaint, the appellant set out the facts substantially as we have recited them, and prayed that he be subrogated to the rights of the

mortgage holder and the rights of the municipalities levying the taxes and be declared to have a lien on the lots awarded to the respondent for one-half the sum paid to satisfy the mortgage, and a like lien thereon for the taxes paid; that the lien be foreclosed and the property sold at public sale according to the usual practice in such cases for the satisfaction of the lien. With respect to the respondents, Sigtrig and Havers, it was alleged that they claimed an interest in the lots, but that their interests, if any they had, were subsequent and inferior to his rights.

The respondents appeared jointly, and demurred generally and specially to the complaint; generally on the ground that no cause of action was stated, and specially on the ground that the action had not been commenced within the time limited by law. The demurrer was overruled, whereupon they answered jointly, denying the traversable allegations of the complaint and pleading affirmatively a former adjudication. In the affirmative plea, it is alleged that the appellant, subsequent to the decree of divorce, instituted an action against the respondents, in which the matter of the appellant's present cause of action was put in issue, that a trial was had thereon in which it was finally adjudicated that the appellant had no rights in, or lien upon, the property. The affirmative allegations of the answer were put in issue by a reply.

On a trial had upon the issues so joined, a judgment was entered denying the appellant any form of relief. It is from this judgment that the present appeal is prosecuted.

The record does not disclose the reasons which actuated the trial court in denying relief to the appellant, nor have we been favored by a brief or an argument on behalf of the respondents. The record before us, however, contains a transcript of the demurrer and the

pleadings filed in the cause, and a statement of facts which the trial judge certifies contains all of the material facts, matters and proceedings occurring in the cause not already a part of the record therein.

To our minds, the record discloses no reason why the appellant is not entitled to the relief he seeks. Since the appellant was personally obligated to pay the mortgage, and since the decree of divorce did not relieve the property of the lien of the mortgage except to the extent of one-half thereof, as between himself and the respondent Mary McDonald, he had the right to pay the mortgage and be subrogated to the rights of the mortgagee upon the property to the extent of one-half of the sum so paid.

[1] So with the taxes. These were superior liens upon the property which the respondent last named was primarily obligated to pay. Since she did not pay them, the appellant could do so to protect his interests without subjecting himself to the rule applicable to a voluntary payment. *Catlin v. Mills,* 140 Wash. 1, 247 Pac. 1013; *Egbers v. Fischer,* 73 Wash. 308, 131 Pac. 1128; *Childs v. Smith,* 58 Wash. 148, 107 Pac. 1053; *Vietzen v. Otis,* 46 Wash. 402, 90 Pac. 264; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846.

[2] Nor do we find that the appellant's right of action was barred by the statute of limitations. The mortgage was a valid and subsisting lien on the property at the time of its payment on October 26, 1920, and the action was begun within three years from that time. It may be debatable whether the provisions of the statute prescribing a longer period than three years are applicable to the situation, but we are clear that the three year limitation (Rem. Comp. Stat., § 159) is the shortest of the prescribed periods which can be held so applicable, and as the action was begun within that period, it is in time.

[3] As to the taxes, the time of their payment does not appear on the face of the complaint. The question whether the action was in time could not therefore be taken by demurrer, and, as the objection was not subsequently raised in the answer, it was waived.

[4] The plea of former adjudication was sufficient on its face. The proofs, however, did not substantiate the plea. The action proven was one to set aside a deed made by the respondent, Mary McDonald, purporting to convey the property to one of her co-respondents; the appellant conceiving the deed to be in some way inimical to his rights. Issue was joined on the allegations of the complaint and a trial had on the merits, resulting in a judgment dismissing the action. It must be conceded, of course, that the judgment entered is *res judicata* of every matter it determines, but it is not conceivable that it determines any of the matters involved in the present controversy. It was, as we say, an action to set aside a deed, while the present action is to establish and foreclose a lien. But, more than this, it was instituted prior to the time the appellant had paid the mortgage, or had paid the taxes on the property; or, in other words, it was instituted prior to the time the present cause of action arose. The judgment in the cause, it is true, was dated subsequent to the payment of the mortgage, and bears the file marks of the clerk of the court as having been lodged in his office in April, 1924, more than four years after the institution of the action, but there is no showing that the present controversy was brought into the action, or was determined by the judgment.

The judgment appealed from is reversed, and the cause is remanded with instructions to grant the relief demanded in the complaint.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.