IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WASHINGTON STATE DEPARTMENT OF REVENUE, | ) ) ) | No. 71524-1-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, as the receiver for THE COWLITZ BANK, a Washington State banking corporation, | ) ) ) ) ) ) | |
| Respondent, | ) ) | |
| MACDONALD LIVING TRUST; GRANITE HIGHLANDS, LLC, a Washington limited liability company; ESTATE OF ARCH MACDONALD; ESTATE OF PAULINE MACDONALD; SOPER HILL PROPERTIES, INC., a Washington corporation; and DOUGLAS B. MACDONALD, in his capacity as Trustee for the MACDONALD LIVING TRUST, Personal Representative of the ESTATE OF ARCH MACDONALD, and Personal Representative of the ESTATE OF PAULINE MACDONALD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PUBLISHED OPINION |
| Defendants. | ) | FILED: September 14, 2015 |

SCHINDLER, J. — Any conveyance, assignment, or transfer of ownership of title to real property is subject to a real estate excise tax, chapter 82.45 RCW. Former RCW

82.45.010(3)(i) (2010)[1] excludes a "transfer or conveyance made pursuant to a deed of trust or an order of sale by the court in any mortgage, deed of trust, or lien foreclosure proceeding or upon execution of a judgment." We hold the superior court erred in granting the motion of a receiver appointed under RCW 7.60.025(1)(c) to exempt the sale of real property from the real estate excise tax as "a court-ordered sale in an action to execute on a judgment." We reverse the order exempting the sale from the real estate excise tax.

The facts are not in dispute. Between 2004 and 2007, Cowlitz Bank loaned approximately $13 million to the MacDonald Living Trust, Granite Highlands LLC, the Estate of Arch MacDonald, the Estate of Pauline MacDonald, and Soper Hill Properties Inc. The borrowers executed promissory notes secured by deeds of trust on property located throughout Washington.

The borrowers defaulted on the loan. On July 31, 2009, Cowlitz Bank filed a "Complaint for Monies Due" against the debtors in Clark County Superior Court.

On January 29, 2010, Cowlitz Bank and the debtors entered into a "Forbearance Agreement." The debtors agreed to entry of a $14.5 million stipulated judgment for the amount due plus interest. Cowlitz Bank agreed not to execute on the "Stipulated Judgment" or foreclose on the deeds of trust before March 31, 2010.

On May 7, 2010, Cowlitz Bank filed the Stipulated Judgment in Clark County Superior Court. In mid-May, Cowlitz Bank recorded the Stipulated Judgment with the

---

[1] In 2014, the legislature amended the real estate excise tax statute to exclude a transfer on death deed, codified as RCW 82.45.010(3)(b). See ENGROSSED SECOND SUBSTITUTE H.B. 1117, 63rd Leg., Reg. Sess. (Wash. 2014). Effective June 12, 2014, subsection RCW 82.45.010(3)(i) was renumbered as RCW 82.45.010(3)(j). LAWS OF 2014, ch. 58, § 24.

auditor in Clark County, King County, and Benton County. On May 17, Cowlitz Bank filed an abstract of the judgment in King County Superior Court.

On July 30, 2010, the Washington State Department of Financial Institutions closed Cowlitz Bank. The Federal Deposit Insurance Corporation (FDIC) assumed responsibility for the bank's assets. By operation of law, FDIC is the successor in interest to the "rights, titles, powers, and privileges" of Cowlitz Bank with the authority "to realize upon the assets of the institution."[2]

FDIC decided that rather than "complete seriatim foreclosures or seek writs of execution property by property" on the deeds of trust securing the $13 million loan and the Stipulated Judgment, "it would be most efficient" to file a motion to appoint "a general receiver . . . to give effect to the judgment and control, sell, and manage [the debtors'] assets."

On April 9, 2013, FDIC filed an ex parte "Motion and Petition for Appointment of General Receiver" in King County Superior Court. FDIC requested appointment of Pacific Realty Advisors LLC as the general receiver "to give effect to the Judgment and control, sell, and manage [the debtors'] assets."

A commissioner granted the ex parte motion and appointed Pacific Realty as the general receiver "to give effect to the Judgment and to preserve, protect, market and sell the Assets."

The ex parte order states the debtors "have demonstrated their inability or unwillingness to effectively market and sell the Collateral," and in the absence of a court-appointed receiver, "the Judgment will not be timely satisfied, in whole or in part." Subject to the direction of the court, the ex parte order gives the receiver "the exclusive

---

[2] 12 U.S.C. § 1821(d)(2)(A)(i), (E); Sharpe v. FDIC, 126 F.3d 1147, 1152 (9th Cir. 1997).

power and authority to sell, transfer, or otherwise liquidate the Assets in accordance with RCW 7.60.260(1), (2) & (3)" and to "manage, operate, lease, maintain and control the Assets." The order includes a provision stating that any sale of real property is exempt from real estate excise tax.

The "Order Appointing General Receiver" states, in pertinent part:

> 28. Should any Assets that are real property be sold by the Receiver pursuant to this order, such sale shall be considered a transfer or conveyance made upon execution of a judgment for purposes of [former] RCW 82.45.010(3)(i), and therefore the sale is exempt from real estate excise tax. On ex parte application for cause shown, the notice for any sale of any Assets pursuant to RCW 7.60.260 may be shortened and limited to all parties requesting special notice of this proceeding, the parties herein, and any party that has a filed lien against such Assets. The ultimate sale of such Assets shall be made free and clear of liens and all rights of redemption, with any and all security interests and other liens encumbering such Assets transferring and attaching to the proceeds of the sale, net of reasonable expenses incurred in the disposition of such Assets.

On September 24, 2013, the receiver entered into a "Vacant Land Purchase and Sale Agreement" with private buyers for property located in Clark County, Granite Highlands "Lot 6," in the amount of $72,950. On November 18, the receiver filed a "Motion to Approve the Sale of Real Property (Lot 6, Granite Highlands Phase IV) Free and Clear of Liens." The receiver asked the court to approve the purchase and sale agreement, authorize payment to the broker, and disburse the remaining sale proceeds to FDIC. The receiver states that as "a court-ordered sale . . . to execute on a judgment," the transaction should be exempt from the state real estate excise tax.

> Because this is a court-ordered sale in an action to execute on a judgment, the Transactions proposed should be exempt from Real Estate Excise Tax pursuant to [former] RCW 82.45.010 (3)(i). This exemption is noted in paragraph 28 of the [Order Appointing General Receiver].

4

The Washington State Department of Revenue filed an objection to the request to exempt the sale from the state real estate excise tax. The Department of Revenue argued the exemption for a sale of real property under former RCW 82.45.010(3)(i) did not apply to the purchase and sale agreement in a receivership. In response, FDIC argued that because the receiver was appointed by the court to "give[ ] effect" to the Stipulated Judgment and "giving effect to a judgment is synonymous with execution of a judgment," the sale was exempt from real estate excise tax.[3]

The court overruled the objection of the Department of Revenue. The court granted the receiver's motion to approve the purchase and sale agreement. The court ruled that "the sale of the Property shall be considered an order of sale by the Court to execute upon a judgment for purposes of [former] RCW 82.45.010(3)(i) and therefore the sale is exempt from real estate excise taxes." The court denied the motion for reconsideration.

The Department of Revenue appeals the decision that the sale of Lot 6 is exempt from the real estate excise tax. The Department of Revenue contends the court erred in ruling the sale of property by a receiver appointed by the court to give effect to the judgment is exempt from the real estate excise tax under former RCW 82.45.010(3)(i).

The meaning of a statute is a question of law we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to ascertain and give effect to legislative intent. Campbell & Gwinn, 146 Wn.2d at 9. We look first to the text of a statute to determine its meaning. Griffin v. Thurston County Bd. of Health, 165 Wn.2d 50, 55, 196 P.3d 141 (2008). Statutory interpretation begins with the plain meaning of the statute. Lake v. Woodcreek Homeowners Ass'n, 169

---

[3] Emphasis in original.

Wn.2d 516, 526, 243 P.3d 1283 (2010). Plain meaning "is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Campbell & Gwinn, 146 Wn.2d at 11. When the meaning of the statute is plain on its face, the court must give effect to that plain meaning as the expression of the legislature's intent. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007); City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). Statutes are to be read together, whenever possible, to achieve a " 'harmonious total statutory scheme . . . which maintains the integrity of the respective statutes.' " Employco Pers. Servs., Inc. v. City of Seattle, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991)[4] (quoting State v. O'Neill, 103 Wn.2d 853, 862, 700 P.2d 711 (1985)). An interpretation that reads language in isolation is too limited and fails to apply this rule. Jongeward v. BNSF Ry., 174 Wn.2d 586, 595, 278 P.3d 157 (2012); see Davis v. Mich. Dep't of Treasury, 489 U.S. 803, 809, 109 S. Ct. 1500, 103 L. Ed. 2d 891 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). The construction of two statutes shall be made with the assumption that the legislature does not intend to create an inconsistency. State v. Bash, 130 Wn.2d 594, 602, 925 P.2d 978 (1996).

We also employ traditional rules of grammar in discerning the plain language of the statute. In re Forfeiture of One 1970 Chevrolet Chevelle, 166 Wn.2d 834, 838-39, 215 P.3d 166 (2009). We must " 'construe statutes such that all of the language is given effect.' " Lake, 169 Wn.2d at 526 (quoting Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003)); Davis v. Dep't of Licensing, 137 Wn.2d 957, 963,

---

[4] Alteration in original.

977 P.2d 554 (1999). A construction that would render a portion of a statute meaningless or superfluous should be avoided. Ford Motor Co. v. City of Seattle, 160 Wn.2d 32, 41, 156 P.3d 185 (2007). "[W]e avoid interpretations 'that yield unlikely, absurd or strained consequences.' " Broughton Lumber Co. v. BNSF Ry., 174 Wn.2d 619, 635, 278 P.3d 173 (2012) (quoting Kilian v. Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002)). "Where the language of a statute is clear, legislative intent is derived from the language of the statute alone." City of Spokane v. Rothwell, 166 Wn.2d 872, 876, 215 P.3d 162 (2009). If the statute is unambiguous, the inquiry ends. If the plain language is subject to only one interpretation, our inquiry is at an end. Lake, 169 Wn.2d at 526.

Every sale of real property is subject to the state real estate excise tax "at the rate of one and twenty-eight one-hundredths percent of the selling price." RCW 82.45.060. The real estate excise tax statute broadly defines the "sale" of real property subject to the excise tax. RCW 82.45.010. RCW 82.45.010(1) states, in pertinent part:

> [T]he term "sale" has its ordinary meaning and includes any conveyance, grant, assignment, quitclaim, or transfer of the ownership of or title to real property, including standing timber, or any estate or interest therein for a valuable consideration, and any contract for such conveyance, grant, assignment, quitclaim, or transfer, and any lease with an option to purchase real property, including standing timber, or any estate or interest therein or other contract under which possession of the property is given to the purchaser, or any other person at the purchaser's direction, and title to the property is retained by the vendor as security for the payment of the purchase price. The term also includes the grant, assignment, quitclaim, sale, or transfer of improvements constructed upon leased land.

The definition of "seller" expressly includes a receiver. RCW 82.45.020 defines "seller" as:

> [A]ny individual, receiver, assignee, trustee in bankruptcy, trust, estate, firm, copartnership, joint venture, club, company, joint stock company,

7

business trust, municipal corporation, quasi municipal corporation, corporation, association, society, or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit or otherwise; but it shall not include the United States or the state of Washington.[5]

A receivership is governed by chapter 7.60 RCW. The purpose of chapter 7.60 RCW is "to create more comprehensive, streamlined, and cost-effective procedures applicable to proceedings in which property of a person is administered by the courts of this state for the benefit of creditors and other persons having an interest therein." LAWS OF 2004, ch. 165, § 1.

A "receiver" is "a person appointed by the court as the court's agent, and subject to the court's direction, to take possession of, manage, or dispose of property of a person." RCW 7.60.005(10). A "general receiver" is appointed "to take possession and control of all or substantially all of a person's property with authority to liquidate that property."[6] RCW 7.60.015. A receiver may be appointed in a number of circumstances, including "to give effect to the judgment." RCW 7.60.025(1)(c).

The real estate excise tax statute exempts certain transactions from the tax.[7] Exemptions to a tax law must be narrowly construed. Taxation is the rule and exemption is the exception. TracFone Wireless, Inc. v. Dep't of Revenue, 170 Wn.2d 273, 296-97, 242 P.3d 810 (2010).

The seller has the burden of showing the exemption applies. Belas v. Kiga, 135 Wn.2d, 913, 932, 959 P.2d 1037 (1998). Because statutes exempting property from taxation must be strictly construed, " 'it devolves upon those claiming the exemption to

---

[5] Emphasis added.

[6] In contrast, a "custodial receiver" is "appointed to take charge of limited or specific property of a person [and] is not given authority to liquidate property." RCW 7.60.015.

[7] See RCW 82.45.010(3).

8

clearly show that the property is within the statute.' " Belas, 135 Wn.2d at 932 (quoting

Spokane County v. City of Spokane, 169 Wash. 355, 358, 13 P.2d 1084 (1932)).

> [I]t has been the well settled rule in this state for over 70 years that the court will find an exemption from taxation only where the legislature has authorized such by clear and explicit language; statutes exempting persons or property from taxation are to be strictly construed. Thurston County v. Sisters of Charity of House of Providence, 14 Wash. 264, 265, 44 P. 252 (1896). More recently, in Pacific Northwest Conference of the Free Methodist Church of North America v. Barlow, 77 Wn.2d 487, 492, 463 P.2d 626 (1969), we noted the rationale underlying the rule that exemptions are not to be extended by judicial construction to property other than that which is expressly designated by law.

Belas, 135 Wn.2d at 933.

Former RCW 82.45.010(3)(i) exempts from the real estate excise tax "[a]ny

transfer or conveyance made pursuant to a deed of trust or an order of sale by the court

in any mortgage, deed of trust, or lien foreclosure proceeding or upon execution of a

judgment, or deed in lieu of foreclosure to satisfy a mortgage or deed of trust." The

language "[a]ny transfer or conveyance made pursuant to . . . an order of sale by the

court in any mortgage, deed of trust, or lien foreclosure" is separate and distinct from

the phrase "upon execution of a judgment." Former RCW 82.45.010(3)(i); Gray v.

Suttell & Assocs., 181 Wn.2d 329, 339, 334 P.3d 14 (2014) (use of "or" is disjunctive

unless there is clear legislative intent to the contrary); In re Marriage of Caven, 136

Wn.2d 800, 810, 966 P.2d 1247 (1998) ("The sentence containing the two phrases

separates them with the disjunctive 'or' which grammatically indicates that the phrases

are alternatives. . . . [T]he phrases were meant to be interpreted as alternatives, and not

as modifiers of each other.").

FDIC does not dispute that the order approving the receiver's motion to enter into

the purchase and sale agreement for Granite Highlands Lot 6 is not "an order of sale by

the court in any mortgage, deed of trust, or lien foreclosure action." Former RCW 82.45.010(3)(i); see also Wash. Dep't of Revenue, Determination No. 11-0227, 31 Wash. Tax Dec. 57, 60 (2012) (under plain language of the statute, "an order of sale by the court in a judicial foreclosure" is not subject to the real estate excise tax).

The parties dispute the meaning of the language "upon execution of a judgment." The Department of Revenue argues "upon execution of a judgment" as used in former RCW 82.45.010(3)(i) refers to the statutory scheme for execution of judgments under chapter 6.17 RCW and sales upon execution under chapter 6.21 RCW. FDIC claims the exemption applies to a court-ordered sale where a receiver is appointed under RCW 7.60.025(1)(c) to "give effect to the judgment." FDIC claims the language "to give effect to the judgment" is the same as "execution" of a judgment." We disagree with FDIC.

" '[I]t is an elementary rule that where the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.' " Guillen v. Contreras, 169 Wn.2d 769, 776, 238 P.3d 1168 (2010)[8] (quoting State v. Jackson, 137 Wn.2d 712, 724, 976 P.2d 1229 (1999)). A difference in legislative intent is presumed where the legislature uses certain language in one instance but different language in another. Woodbury v. City of Seattle, 172 Wn. App. 747, 753, 292 P.3d 134 (2013).

> Where the legislature uses certain statutory language in one statute and different language in another, a difference in legislative intent is evidenced. . . . We assume the legislature means exactly what it says and we interpret the wording of statutes according to those terms. Where the legislature uses different terms, we deem the legislature to have intended different meanings.

Chevelle, 166 Wn.2d at 842.

---

[8] Alteration in original.

Here, the language in the receivership statue that allows the court to appoint a receiver "to give effect to the judgment" is not the same as the language that exempts a transaction from the real estate excise tax "upon execution of a judgment." RCW 7.60.025(1)(c); former RCW 82.45.010(3)(i). There is a difference between enforcement of a judgment by writ of execution under chapter 6.17 RCW and a receiver giving "effect to the judgment" under chapter 7.60 RCW. For instance, unlike an execution of a judgment under chapter 6.17 RCW, the privately negotiated sale of real estate by a receiver under chapter 7.60 RCW is not subject to a public auction and the sale results in a transfer of property that is not subject to redemption rights.

The language of the statute governing the appointment of a receiver also recognizes the distinction between "giv[ing] effect to the judgment" under RCW 7.60.025(1)(c) and upon "execution of a judgment" under chapter 6.17 RCW and chapter 6.21 RCW. In describing the circumstances where the court may appoint a receiver, RCW 7.60.025(1) provides, in pertinent part:

> A receiver may be appointed by the superior court of this state in the following instances . . . :
> . . . .
> (c) After judgment, in order to give effect to the judgment;
> . . . .
> (e) To the extent that property is not exempt from execution, at the instance of a judgment creditor either before or after the issuance of any execution, to preserve or protect it, or prevent its transfer;
> (f) If and to the extent that property is subject to execution to satisfy a judgment, to preserve the property during the pendency of an appeal, or when an execution has been returned unsatisfied.[9]

"[U]pon execution of a judgment" under former RCW 82.45.010(3)(i) clearly refers to the statutes governing the execution of judgments—chapter 6.17 RCW, "Executions;" and chapter 6.21 RCW, "Sales under execution"—and not to a receiver

---

[9] Emphasis added.

appointed "to give effect to the judgment" under RCW 7.60.025(1)(c). See also WAC 458-61A-208(6)(a) ("The real estate excise tax does not apply to a transfer of real property made by a county sheriff pursuant to a court decree. A real estate excise tax affidavit must be filed with the county.").[10]

In the alternative, FDIC asserts the sale of property in the receivership is exempt from the real estate excise tax because it is an execution of a judgment as defined in RCW 6.17.060.[11] FDIC's argument ignores the statutory requirement to obtain a writ of execution under chapter 6.17 RCW. The statute requires the creditor to obtain a writ that directs the sheriff to execute the writ of execution by public auction and sale within 60 days. RCW 6.17.020, .120; RCW 6.21.030, .050. Clearly, if the receiver had obtained a writ of execution on the property under chapter 6.17 RCW, the statutory exemption under former RCW 82.45.010(3)(i) would apply. But the undisputed record establishes that FDIC decided to seek appointment of a receiver to sell the property rather than obtain a writ of execution under chapter 6.17 RCW.[12]

We hold the real estate excise sales tax exemption that excludes transfer of a conveyance "upon execution of a judgment" under former RCW 82.45.010(3)(i) does

---

[10] The reliance of the parties on dictionary definitions of the word "execute" is misplaced. Where, as here, the legislative intent is clear, we do not look to the dictionary to define a statutory term. Michaels v. CH2M Hill, Inc., 171 Wn.2d 587, 601, 257 P.3d 532 (2011).

[11] RCW 6.17.060 describes three kinds of execution:

First, against the property of the judgment debtor; second, for the delivery of the possession of real or personal property or such delivery with damages for withholding the same; and third, commanding the enforcement of or obedience to any other order of the court. In all cases there shall be an order to collect the costs.

[12] FDIC also claims the challenge to the order exempting the purchase and sale agreement from the real estate excise tax is an inappropriate collateral attack on the order appointing the receiver. But FDIC concedes, as it must, that the order was entered by a commissioner ex parte without notice to the Department of Revenue. We also reject the argument that the Department of Revenue is collaterally estopped from challenging the decision because the court granted an exemption in a previously approved sale by the receiver. We do not consider arguments raised for the first time on appeal. RAP 2.5(a); LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 126, 330 P.3d 190 (2014).

not apply to the sale of real property where the receiver is appointed under RCW 7.60.025(1)(c) to "give effect to the judgment." We reverse the determination that sale of the property by the receiver appointed to give effect to the judgment is exempt from the real estate excise tax.

WE CONCUR: