FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA L. WORTH, | No. 09-35587 |
| Plaintiff - Appellant, | D.C. No. 9:08-cv-00145-JCL |
| v. | |
| CITY OF KALISPELL, a municipal corp.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge,** Presiding

Submitted July 19, 2010***

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Donna Worth appeals pro se from the district court's order denying her

motion for reconsideration or other relief from summary judgment in her

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The parties consented to the jurisdiction of the magistrate judge.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion for reconsideration, *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006), and for relief from judgment under Federal Rule of Civil Procedure 60(b), *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying reconsideration of summary judgment on Worth's gender discrimination and retaliation claims for failure to exhaust under Title VII of the Civil Rights Act of 1964. *See B.K.B v. Maui Police Dept.*, 276 F.3d 1099 (9th Cir. 2002). Even when liberally construed, the facts and circumstances alleged in support of Worth's charge of disability discrimination did not encompass her gender discrimination and retaliation claims. *See id.* at 1100 (exhaustion limited to allegations of discrimination in a complaint that are "like or reasonably related to" allegations contained in the charge).

The district court did not abuse its discretion in denying reconsideration of summary judgment on Worth's disability discrimination claims for failure to file a timely charge of discrimination under the Americans with Disabilities Act. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Even under a continuing violations or hostile work environment theory, Worth had to file her charge within 300 days of her termination. 42 U.S.C. §§ 2000e-5(e)(1) and 12117(a). Worth's

argument that she first learned about defendants' disability discrimination during arbitration is unpersuasive, and defendants' alleged unrelated fraud also did not toll the limitations period. *See Santa Maria*, 202 F.3d at 1176-77, 1179 (equitable tolling inapplicable if plaintiff knows of possible claim and equitable estoppel only applicable if defendants conceal facts concerning discrimination charge).

The district court did not abuse its discretion in denying reconsideration of summary judgment on Worth's political affiliation discrimination claims because there is no federal jurisdiction over unfair labor practices claims related to union activity brought by an employee of a political subdivision of a state or a city under the National Labor Relations Act. *See Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009).

The district court also did not abuse its discretion in denying relief from judgment because Worth failed to establish grounds for such relief under Federal Rule of Civil Procedure 60(b). *See SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001) (discussing Rule 60(b) requirements).

Worth's remaining contentions are unpersuasive, and we do not consider issues or evidence raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).

**AFFIRMED**.