[No. 66408-5-I.   Division One.   January 14, 2013.]

JAMES WOODBURY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

*John P. Sheridan* (of *The Sheridan Law Firm PS*), for appellant.

*Peter S. Holmes, City Attorney*, and *Erin L. Overbey* and *Frederick E. Wollett, Assistants*, for respondent.

¶1 APPELWICK, J. — Woodbury sought administrative review of his whistle-blower retaliation claim pursuant to SMC 4.20.860 and RCW 42.41.040. He then filed a separate complaint in superior court under the same city and state provisions. Because Woodbury does not have a cause of action in superior court, the trial court properly dismissed his claim.

FACTS

¶2 In October 2008, Woodbury filed a whistle-blower complaint concerning the Seattle Fire Department's (Department) failure to bill for approximately $200,000 of fireguard services. At the time, Woodbury served as 1 of 11 deputy chiefs for the Department. He ranked sixth in seniority.

¶3 A few months before Woodbury filed his whistle-blower complaint, the Department offered to abrogate a deputy chief position and a lieutenant position to offset budget cuts. Then, in November 2008, Woodbury was informed that he was being demoted to battalion chief, purportedly because he was scheduled to rotate into the abrogated position in January 2009.

¶4 Woodbury filed a claim of whistle-blower retaliation with the mayor's office. After the mayor's office determined the Department did not retaliate, Woodbury requested an administrative hearing. He then sued the city of Seattle (City) in superior court pursuant to Seattle Municipal Code (SMC) 4.20.810 and RCW 42.41.040. He sought damages for back pay, front pay, and lost benefits; damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, injury to reputation, and humiliation; and injunctive relief. After Woodbury filed his lawsuit, he was reinstated as deputy chief.

¶5 At Woodbury's request, the trial court stayed the administrative hearing. The City then filed a motion to strike the portion of Woodbury's complaint seeking emotional distress damages, arguing that the SMC and RCW provisions relied upon by Woodbury do not support that remedy. The City also filed a motion to dismiss for lack of subject matter jurisdiction. It argued that Woodbury's claim could be brought only as a common law claim for wrongful discharge in violation of public policy or as a review of an administrative law judge's findings and conclusions. It

claimed that Woodbury could not bring a wrongful discharge claim, because he was not discharged and could not bring a claim pursuant to the applicable SMC and RCW provisions because they did not create a cause of action in superior court.

¶6 At oral argument, the trial court granted the City's motion to dismiss:

> It is simply an issue of whether a person who has a whistleblower claim under the city code also has a claim in superior court. That is all it is. I am going to rule that they don't.

It explained that although the superior court may possess subject matter jurisdiction, Woodbury did not have a cause of action to bring his claim in superior court. The trial court did not rule on the City's motion to strike emotional distress damages.

## DISCUSSION

■ ¶7 We review questions of statutory interpretation de novo. *Dot Foods, Inc. v. Dep't of Revenue*, 166 Wn.2d 912, 919, 215 P.3d 185 (2009). The plain meaning of a statute is determined from the ordinary meaning of the language used in the context of the entire statute, related statutory provisions, and the statutory scheme as a whole. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

■ ¶8 Chapter 42.41 RCW protects local government employees who disclose improper government actions. As part of those protections, local government officials and employees are prohibited from taking retaliatory action against whistle-blowers. RCW 42.41.040(1). To seek relief, an aggrieved local government employee must provide written notice of the charge of retaliation to the local government's governing body. RCW 42.41.040(2). Then,

> [u]pon receipt of either the response of the local government or after the last day upon which the local government could respond, the local government employee may request a hearing

to establish that a retaliatory action occurred and to obtain appropriate relief as defined in this section. The request for a hearing shall be delivered to the local government within fifteen days of delivery of the response from the local government, or within fifteen days of the last day on which the local government could respond.

RCW 42.41.040(4). After receiving the request, the local government applies to the office of administrative hearings for a proceeding before an administrative law judge. RCW 42.41.040(5). The final decision of the administrative law judge is subject to judicial review under the arbitrary and capricious standard. RCW 42.41.040(9).

¶9 Chapter 42.41 RCW also grants local governments the authority to promulgate their own whistle-blower processes:

> Any local government that has adopted or adopts a program for reporting alleged improper governmental actions and adjudicating retaliation resulting from such reporting shall be exempt from this chapter if the program meets the intent of this chapter.

RCW 42.41.050.

¶10 The City promulgated such rules. In addition to requiring a whistle-blower to file a complaint with the City's governing body, SMC 4.20.860(C) describes how the employee requests an administrative hearing:

> If an employee who has filed a complaint of retaliation under this section is dissatisfied with the response and desires a hearing pursuant to Section 42.41.040 RCW, the employee shall deliver a request for hearing to the Office of the Mayor within the time limitations specified in that section. Within five (5) working days of receipt of the request for hearing, the City shall apply to the state office of administrative hearings for a hearing to be conducted as provided in Section 42.41.040 RCW.

¶11 Woodbury argues that SMC 4.20.860(C) and RCW 42.41.040 not only allow him to pursue an administrative

hearing but also grant him a cause of action in superior court. He claims that the word "may" in RCW 42.41.040 and the word "if" in SMC 4.20.860(C) are permissive terms that allow him to seek an administrative hearing or, alternatively, direct judicial review. His construction is untenable.

¶12 The plain language of the applicable provisions mention an employee's right to pursue an administrative hearing. But, words conferring a cause of action in superior court are conspicuously absent. To the contrary, RCW 42.41.040(9) explicitly contemplates that the superior court sits in an appellate role:

> The final decision of the administrative law judge is subject to judicial review under the arbitrary and capricious standard. Relief ordered by the administrative law judge may be enforced by petition to superior court.

Read as a whole, it is clear that RCW 42.41.040 does not grant local government employees a cause of action in superior court.

¶13 This interpretation is strengthened further when RCW 42.41.040 is viewed next to chapter 42.40 RCW. Chapter 42.40 RCW is the analogous whistle-blower protection statute for state government, as opposed to local government, employees. It explicitly grants state government employees a cause of action for the remedies provided in chapter 49.60 RCW. RCW 42.40.050. Chapter 49.60 RCW, Washington's Law Against Discrimination, states that it includes whistle-blowers as defined in chapter 42.40 RCW. RCW 49.60.210(2). State government employees are granted "a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees." RCW 49.60-.030(2). In contrast, chapter 42.41 RCW does not mention any cause of action and does not mention Washington's Law Against Discrimination. Likewise, Washington's Law Against Discrimination does not incorporate retaliation

claims by local government employees under chapter 42.41 RCW. It is well settled that where the legislature uses certain language in one instance but different, dissimilar language in another, a difference in legislative intent is presumed. *Millay v. Cam*, 135 Wn.2d 193, 202, 955 P.2d 791 (1998).

¶14 Woodbury nevertheless urges that "[i]nclusion of the term 'may' in the same provision as the term 'shall' has been considered strong evidence that the legislature did not intend the statute to provide exclusive procedures and remedies to redress retaliatory discharge." *See Wilson v. City of Monroe*, 88 Wn. App. 113, 125, 943 P.2d 1134 (1997) (citing *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 821 P.2d 18 (1991)). The issue in those cases was whether the applicable statutory scheme could be considered an exclusive remedy that required dismissal of the plaintiff's wrongful discharge claims. *Wilmot*, 118 Wn.2d at 53; *Wilson*, 88 Wn. App. at 121-22. But, Woodbury does not have an alternative claim. He does not have a common law tort claim, because there is no common law tort for disciplinary action less severe than termination. *White v. State*, 131 Wn.2d 1, 18-20, 929 P.2d 396 (1997). And, as already discussed, he does not have a claim under Washington's Law Against Discrimination. Woodbury had a choice between accepting the decision of the mayor or requesting an administrative hearing. He did not have a choice between two distinct actions: one before an administrative law judge and one in superior court.[1]

■ ■ ¶15 Woodbury also argues that the trial court abused its discretion in determining that he waived his physician-patient privilege by asserting a claim for emotional distress damages and in ordering him to undergo a CR 35 mental examination. The City cross appeals, asserting that the trial court erred by quashing its subpoena on

---

[1] To the extent that *Eklund v. City of Seattle*, 2008 WL 112040 2008 U.S. Dist. LEXIS 1587 (W.D. Wash. Jan. 9, 2008) conflicts with this conclusion, we respectfully reject it.

Woodbury's health care provider. These issues flow from his claim for emotional distress damages. We need not address these issues, because we affirm dismissal by the superior court and emotional distress damages are not available under RCW 42.41.040 and SMC 4.20.860.

¶16 RCW 42.41.040, which is incorporated into SMC 4.20.860 by reference, enumerates available remedies:

> Relief that may be granted by the administrative law judge consists of reinstatement, with or without back pay, and such injunctive relief as may be found to be necessary in order to return the employee to the position he or she held before the retaliatory action and to prevent any recurrence of retaliatory action. The administrative law judge may award costs and reasonable attorneys' fees to the prevailing party.

RCW 42.41.040(7). By contrast, a state employee whistle-blower making a claim under chapter 42.40 RCW, which incorporates relief under RCW 49.60.250(5), Washington's Law Against Discrimination, may recover damages for mental suffering not to exceed $20,000. A statute that enumerates several forms of relief but does not reference emotional distress damages indicates an intent not to provide emotional distress damages. *Human Rights Comm'n v. Cheney Sch. Dist. No. 30*, 97 Wn.2d 118, 126, 641 P.2d 163 (1982).

¶17 We affirm.

Cox, J., and Ellington, J. Pro Tem., concur.

Review denied at 177 Wn.2d 1018 (2013).