**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLAND HILLS, | No. 11-56611 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01919-WQH-WVG |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Roland Hills appeals pro se from the district court's summary judgment in

his action alleging federal law violations in connection with his union's failure to

pursue a grievance for race discrimination and to provide him with various union

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

documents.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Leong v. Potter*, 347 F.3d 1117, 1123-24 (9th Cir. 2003).  We affirm.

The district court properly granted summary judgment on Hills's

discrimination claims because Hills failed to raise a genuine dispute of material

fact as to whether he was a victim of intentional discrimination.  *See Beck v. United*

*Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882-85 & n.4 (9th

Cir. 2007) (discussing the analytical framework applicable to a race discrimination

claim against a union under Title VII, and explaining that "a union member must

. . . introduce evidence that the member 'was singled out and treated less favorably

than others similarly situated on account of race'" (citation omitted)); *El-Hakem v.*

*BJY Inc.*, 415 F.3d 1068, 1075 (9th Cir. 2005) ("[T]he 'legal principles guiding a

court in a Title VII dispute apply with equal force in a § 1981 action.'" (citation

omitted)).  Moreover, Hills failed to raise a triable dispute as to whether there was

an agency relationship between the local union and the international union.  *See*

*Laughon v. Int'l Alliance of Theatrical Stage Emps., Moving Picture Technicians,*

*Artists & Allied Crafts of the U.S. & Can.*, 248 F.3d 931, 935 (9th Cir. 2001)

(factors for determining whether an agency relationship exists); *Moore v. Local*

*Union, 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1543 (9th Cir. 1993)

(identifying the limited circumstances under which an international union may be

liable for the actions of a local union). Furthermore, there is no individual liability under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

The district court properly granted summary judgment on Hills's National Labor Relations Act ("NLRA") claim because the NLRA does not apply to employees of any State or a political subdivision thereof, and Hills is a county employee. *See Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009) (section 152(2) of the NLRA provides that the term "employer" excludes any State or political subdivision thereof; because a county is a political subdivision of a state, it does not fall within the statute's scope); *see also* 29 U.S.C. § 152(3) ("The term 'employee' . . . shall not include . . . any individual employed . . . by any other person who is not an employer as herein defined.").

**AFFIRMED.**