

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY JONASSEN, | No. 12-35807 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00034-RAJ |
| v. | |
| PORT OF SEATTLE, a municipal corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted November 8, 2013
Seattle, Washington

Before: SCHROEDER, PAEZ, and BERZON, Circuit Judges.

Tracy Jonassen appeals the grant of summary judgment to his employer, the

Port of Seattle, on his claims of retaliation in violation of the False Claims Act

("FCA"), 31 U.S.C. §§ 3729–3733, and breach of contractually enforceable Port

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

policy under Washington law. We affirm the former, reverse the latter, and remand for further proceedings on Jonassen's state contract claim.

**1.** Jonassen never "investigat[ed] matters which are calculated, or reasonably could lead, to a viable FCA action." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996). None of the matters he investigated involved the submission of a claim for payment to the federal government. Jonassen therefore engaged in no activity protected by the FCA prior to his filing of a meritless FCA suit on behalf of the federal government.

**2.** Jonassen has identified only one cognizable adverse employment action. *See Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 847–48 (9th Cir. 2002) (defining "discrimination" under the FCA with reference to Title VII's definition of an adverse employment action). Because less overtime was available to employees assigned to the boiler room than to those working in the Industrial Waste Treatment Plant ("IWTP"), Jonassen's reassignment to the boiler room qualifies as an adverse employment action. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847–48 (9th Cir. 2004). By contrast, the verbal taunting to which Jonassen alleges he was subjected constitutes no more than "simple teasing," and thus does not rise to the level of an adverse employment action. *See Manatt v. Bank of America, N.A.*, 339 F.3d 792, 798–99 (9th Cir. 2003). And

Jonassen's assignments to perform dangerous work were in no way discriminatory, as others routinely received similar assignments.

Jonassen's reassignment to the boiler room was not "because of" his filing of the FCA action. 31 U.S.C. § 3730(h)(1); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1060 (9th Cir. 2011) (quoting *Hopper*, 91 F.3d at 1269). His reassignment predated the filing of that suit by several months. And it predated his managers' awareness of that suit by nearly two years. Causation does not run in reverse.

Because Jonassen's only cognizable protected activity was not causally related to the only cognizable adverse employment action taken against him, summary judgment was appropriate as to the FCA retaliation claim.

**3.** The district court misapplied Washington law in granting summary judgment to the Port on Jonassen's breach-of-contract claim. The Washington Supreme Court has held potentially enforceable a policy forbidding retaliation against whistleblower employees at a nuclear reactor. *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 125 P.3d 119, 130–31 (Wash. 2005) (en banc). Before so holding, the opinion discusses the protections provided under the Energy Reorganization Act. *Id.* at 127. Yet, in *Korslund*'s analysis of the employer-policy claim, the substantial overlap between the policy's protections and those accorded

3

by statute was not mentioned as a pertinent factor with regard to the judicial enforceability of the employer's policy.

Because the precise meaning of the terms of the Port's policies remains somewhat uncertain, those policies may well promise greater protection for whistleblowers and against harassment than that provided by any applicable statute. But even if that is not so, *Korslund* strongly suggests that Washington law does not preclude the enforcement of employer policies simply because the policies overlap with an employer's legal obligations.

The Port argues that *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1194 (Wash. Ct. App. 2000), precludes Jonassen's claim based on its employer policy. But *Francom* is a court of appeals case, and is in tension with *Korslund*, a Washington Supreme Court case that postdates it. "'When interpreting state law, federal courts are bound by decisions of the state's highest court,'" and only review the decisions of intermediate state appellate courts "'[i]n the absence of such a decision . . . [to] predict how the highest court would decide the issue . . . .'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (internal quotations and citations omitted)). The district court should not have

4

followed *Francom*, as *Korslund* indicates that the Washington Supreme Court is unlikely to follow it.

At oral argument, the Port attempted to distinguish *Korslund* on the ground that the policy in that case included more specific remedial procedures than the policies here. Not so. The Port's policies, too, outline specific remedial procedures that limit, to some degree, managerial discretion. *See Korslund*, 125 P.3d at 131 (holding a policy sufficiently specific where "there is no discretion that some disciplinary action will be taken," even if "there is discretion as to what action is taken"). Whether the mandatory aspects of the policies are here implicated is a matter not addressed by the district court.

Summary judgment on the ground advanced by the Port before the district court was thus inappropriate. We decline to affirm on alternative grounds, as they were raised for the first time on appeal and may depend on further factual development. *See, e.g.*, *Tibble v. Edison Intern.*, 729 F.3d 1110, 1126 (9th Cir. 2013). It is quite possible, however, that on remand one or more of those arguments may have validity. We leave those arguments, and the question of whether to retain supplemental jurisdiction over Jonassen's state-law claims, for the district court to consider on remand.

5

The district court's grant of summary judgment on Jonassen's FCA retaliation claim is **AFFIRMED**, its grant of summary judgment on Jonassen's breach-of-contract claim is **REVERSED**, and the case is **REMANDED** for further proceedings.

Each party shall bear its own costs.