**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY JONASSEN, | No. 14-35560 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00034-RAJ |
| v. | |
| PORT OF SEATTLE, | MEMORANDUM[*] |
| Defendants - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 10, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA, District Judge[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Tracy Jonassen ("Jonassen") appeals the district court's grant of summary judgment against him. We have jurisdiction under 28 U.S.C. § 1291. We **affirm**.

## I.    Background

Jonassen has been employed at the Port of Seattle ("Port") since 2004. Jonassen's employment is governed by a Collective Bargaining Agreement ("CBA"). The CBA provides that the Port may only discipline or terminate employees for cause. But, if an employee disputes whether the Port had just cause, an employee must challenge the Port's action through the CBA grievance procedures.

Jonassen began his career as an Industrial Waste Treatment Plant ("IWTP") operator at the Port's Seattle-Tacoma International Airport. On November 20, 2007, while at the IWTP, Jonassen received a disciplinary notice because he mistakenly discharged unclean water into a clean water lagoon. On December 26, 2007, after a hearing, the Port notified Jonassen that it would suspend him for five days and permanently reassign him to the Boiler Room. Jonassen also faced discipline for a similar incident on November 9, 2007. On January 4, 2008, the parties settled both incidents. Jonassen agreed that he would not grieve his reassignment for the October 25 incident; in exchange, the Port would reduce Jonassen's suspension to three days, and Jonassen would keep his seniority rights

with respect to departments other than the IWTP. On January 7, 2008, the Port memorialized the deal in a letter to Jonassen.

On January 7, 2011, Jonassen sued the Port for (1) retaliation in violation of the False Claims Act and (2) breach of employee handbook. Jonassen claimed that his reassignment to the Boiler Room was retaliation for whistleblower activity. He further claimed that the Port had breached its employee handbook policies against retaliation for whistleblowing activity. The district court initially granted the Port summary judgment on both claims. This court affirmed with respect to the False Claims Act cause of action, but reversed and remanded with respect to the state law claim. Jonassen v. Port of Seattle, 550 F. App'x 384, 387 (9th Cir. 2013). On remand, the Port filed a second motion for summary judgment.

The district court granted the motion because it found that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempted Jonassen's claim. But, on appeal, both parties agree that the district court erred because § 301 does not apply to political subdivisions—such as the Port. See 29 U.S.C. § 152(2) (the term "employer" does not include "any State or political subdivision thereof"); Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1044 (9th Cir. 2009).

3

Nevertheless, the court affirms on alternative grounds. Columbia Pictures Indus., Inc. v. Fung, 710 F.3d 1020, 1030 (9th Cir. 2013) ("[W]e 'may affirm the district court's holding on any ground raised below and fairly supported by the record.'") (quoting Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1226 (9th Cir. 2009)).

**II.    Jonassen's breach of a handbook claim fails because Jonassen cannot show that the Port made a specific promise of specific treatment or that Jonassen relied on such a promise.**

First, Jonassen's claim fails because he cannot establish the necessary elements for breach of an employee handbook. Under Washington law, employees may enforce promises made in employee handbooks or manuals, but only for promises of "specific treatment in specific situations" that an employee relies on. Thompson v. St. Regis Paper Co., 685 P.2d 1081, 1088 (Wash. 1984) (en banc) (emphasis omitted). Here, the Port's policies do not specify any concrete actions that the Port had to take. For instance, EX-13 states that "[e]ngaging in retaliatory action is grounds for disciplinary action." Likewise, HR-22 states that "[r]etaliation in violation of the policy may result in discipline[.]" These statements are indefinite and do not require the Port to take concrete actions in response to specific situations. See Korslund v. DynCorp Tri-Cities Servs., Inc., 125 P.3d 119,

4

128 (Wash. 2005) (en banc) <u>overruled on other grounds by</u> <u>Rose v. Anderson Hay & Grain Co.</u>, 358 P.3d 1139, 1145–47 (Wash. 2015) (en banc).

The policies' statements regarding investigations are also insufficient. HR-22 merely says that one of the designated employees "will immediately conduct an investigation[.]" While this promises that the Port will conduct some sort of investigation, it does not specify a particular manner. And EX-13's investigatory provision only concerns the whistleblower's report—not a subsequent retaliation claim. Therefore, under this policy, Jonassen cannot claim that the Port breached its promise to investigate any retaliation claims.

Moreover, Jonassen cannot show reliance because he only submitted an unsigned declaration that the district court properly refused to consider. <u>See</u> <u>Canada v. Blain's Helicopters, Inc.</u>, 831 F.2d 920, 925 (9th Cir. 1987) ("This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.") (citing <u>Hamilton v. Keystone Tankship Corp.</u>, 539 F.2d 684, 686 (9th Cir. 1976)).

In sum, Jonassen cannot show a promise of specific treatment or that he relied on such a promise; therefore, his claim fails.

**III. Jonassen's claim is also time-barred because he brought suit more than three years after his reassignment became final and more than three years after he settled his dispute.**

Even if Jonassen could maintain his breach of handbook claim, the court would still affirm because his claim is time-barred.

Here, Jonassen's claim accrued on December 28, 2007—the date that Jonassen acknowledged receipt of his reassignment to the Boiler Room. Alternatively, Jonassen's claim accrued on January 4, 2008—the date that the Port and Jonassen settled their disputes. In either situation, Jonassen brought his claim on January 7, 2011—outside the three-year statute of limitations. See DePhillips v. Zolt Constr. Co., 959 P.2d 1104, 1111 (Wash. 1998) (en banc) (applicable statute of limitations is three-years). Jonassen argues that his claim accrued on January 7, 2008, when he received the Port's letter memorializing the settlement. But this letter merely confirms the parties' January 4, 2008 settlement. It does not change the date at which Jonassen could have brought suit.

**IV. Jonassen's claim also fails because he failed to exhaust the CBA's mandatory grievance procedure.**

Finally, even absent its first two rationales, the court would affirm because Jonassen failed to exhaust the CBA's grievance procedures. See Woodbury v. City of Seattle, 292 P.3d 134, 136–37 (Wash. Ct. App. 2013) (demoted fire chief could

not bring whistleblower retaliation claim because he failed to exhaust collective bargaining agreement's grievance procedures). Furthermore, Washington does not recognize a claim "for disciplinary action less severe than termination." Id. at 136. Jonassen's claim is only for retaliation, harassment, and discrimination. Therefore, Jonassen cannot bring a claim against the Port outside of the CBA's grievance procedures.

**AFFIRMED**.

FILED

MAR 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAEZ, Circuit Judge, concurring:

I concur in the judgment.  In my view, the limitations and exhaustion issues are not as clear-cut as the memorandum suggests.  Nonetheless, even if I were to assume that these defenses do not bar Jonassen's handbook claim, Jonassen failed to establish reliance, which is an essential element of his claim.  I therefore would affirm on that limited basis.